IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSUE LOPEZ | § § | |
| V. | § § | CIVIL ACTION NO. 7:21-cv-00399 |
| | § | JURY DEMANDED |
| HOMEGOODS, INC., JOHN DOE MANAGER AND EVERT RODRIGUEZ | § § § | |

### DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, HomeGoods, Inc., files its notice of removal of this civil action to the United States District Court for the Southern District of Texas, McAllen Division. In support of this Notice of Removal, Defendant respectfully shows as follows:

1. On November 14, 2019, Plaintiff filed his Original Petition in Cause No. CL-19-6026-A; *Josue Lopez v. HomeGoods, Inc., John Doe Manager and Evert Rodriguez*, in the County Court at Law No. 1 of Hidalgo County, Texas. Plaintiff named three Defendants: HomeGoods, Inc., John Doe Manager, and Evert Rodriguez.[1]

2. On November 22, 2019, Plaintiff's return of service indicates that citation was served on Defendant, HomeGoods, Inc. by serving its registered agent, CT Corporation.

3. To date, there is no indication in the Court records or otherwise to show Plaintiff has made any attempts to serve nondiverse Defendant Evert Rodriguez or to identify or serve Defendant John Doe Manager.

---

[1] On or about March 1, 2021, Plaintiff filed a Motion to Transfer to a District Court, and on May 20, 2021, an Order Granting Plaintiff's Motion to Transfer to District Court was entered and this case was transferred to the 275th District Court of Hidalgo County.

4.     At the time of the filing of this action, and at the time of removal, Plaintiff was and is a citizen of the State of Texas. Defendant HomeGoods, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 770 Cochituate Rd., Framingham, MA 01701.

5.     Pursuant to 28 U.S.C. 1332, by means of 28 U.S.C. Sec. 1446 (c)(1), Defendant Homegoods seeks removal of this matter as Plaintiff has acted in bad faith by participating in forum manipulation and intentionally preventing the only Defendant he actually served, HomeGoods, from removing this action to federal court based on the diversity. Specifically, Plaintiff has wholly failed to serve and/or prosecute his claims against the nondiverse parties, Evert Rodriguez and John Doe Manager. As such, removal based on diversity of the parties is proper.

6.     Title 28 of the United States Code, Section 1446 is the "Procedure for removal of civil actions." Section 1446(c)(1) sets forth the requirement that cases must be removed on the basis of diversity within one year after the commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C Section 1446(c)(1).   As this Notice will show, there is more than sufficient evidence of forum manipulation to warrant application of the bad faith exception to the one- year removal period. *See* 28 U.S.C. Sec. 1446 (c)(1). First, Plaintiff can no longer establish any cause of action against Defendant Rodriguez as there was no diligence in attempting to serve him as Texas law requires when service is outside the statute of limitations. Thus, Rodriguez' joinder is improper. Second, Plaintiff has not prosecuted his claims against Rodriguez or John Doe in any regard, which constitutes sufficient evidence of bad faith within the meaning of Section 1446(c)(1).

7.     <u>Plaintiff cannot establish his causes of action against Rodriguez or John Doe. As such, Rodriguez and John Doe are improperly joined.</u> When examining the question of improper

2

joinder, Courts have found improper joinder "can be established by demonstrating among other things, the inability of the plaintiff to establish a cause of action against the non-diverse party in the state court." *Hoyt v. Lane Construction Corp.,* 927 F. 3d 287, 296 (5th Cir. 2019) quoting *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F. 3d 529,532 (5th Cir. 2006); *see also Poulos v. Naas Foods, Inc.* 959 F.2d 69, 73 (7th Cir. 1992). "In order to prove that a non-diverse defendant was fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show…that there is no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court." *See Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564, 567 (S.D. Tex 1999) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995)). "The court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial, Inc.* 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Ross*, 344 F.3d at 462.

8.  In the case at bar, Plaintiff cannot establish his causes of action against Evert Rodriguez as the statute of limitations has run, and Plaintiff has not exercised due diligence in procuring service of process against Rodriguez. Plaintiff alleges assault on the part of Evert Rodriguez. *See Exhibit A: certified copy of State Court file, No. 1: Plaintiff's Original Petition.* The limitations period for assault claims is two years. Tex. Civ. Prac. and Rem. Code, Sec. 16.003(a); *Brothers v. Gilbert,* 950 S.W2d. 213, 216 (Tex. App.—Eastland 1997, pet. denied).

9.  The timeline of this lawsuit is as follows:

    11/24/17:   Incident made the basis of this lawsuit occurs.

    11/14/19:   Petition against all Defendants filed.

| | | |
|---|---|---|
| 11/20/19: | | Citations to Evert Rodriguez and Homegoods are requested. |
| 11/22/19: | | Homegoods is served. |
| *To Date:* | | **No Return of Service for Rodriguez has been filed.** |

A timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance of service of citation. *Ashley v. Hawkins,* 293 S.W.3d 175, 179 (Tex. 2009); *Sharp v. Kroger Texas, L.P.,* 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.) Texas courts have consistently held that due diligence is lacking <u>as a matter of law</u> when there are unexplained lapses of time between filing suit, issuance of citation, and service. *Li v. Univ. of Tex. Health Sci. Ctr. at Houston,* 984 S.W.2d 647, 652 (Tex.App.—Houston [14th Dist.] 1998, pet. denied)(emphasis added). "[T]he question of due diligence is answered by looking at: (1) the time taken to procure citation and/or service and (2) the type of effort or lack of effort the plaintiff expended in procuring service." *Webster v. Thomas*, 5 S.W.3d 287, 289–90 (Tex.App.—Houston [14th Dist.] 1999, no pet.).

10. The citation for Rodriguez was issued almost two years ago. As no proof of service has been filed in those two years, and with no indications of continuing attempts of service, it is clear Plaintiff has failed to make any diligent efforts to serve Rodriguez at all. As such, Plaintiff's claims against Rodriguez cannot be established as a matter of law, and Rodriguez is not a proper Defendant as a result.

11. Further, Plaintiff cannot establish he can recover against John Doe Manager. There is no reasonable basis for predicting that state law might impose liability on an unidentified and unserved "John Doe." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial, Inc.* 344 F.3d 458, 462 (5th Cir. 2003)). Even if John Doe Manager had been identified and even served, the Texas Supreme court has clearly held "an employee may not be

4

held liable individually unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty." *Tri v. J.T.T. & M.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex.1996)). Moreover, Texas federal courts have similarly held that alleging that an employee is liable for some act plainly committed within the course and scope of that employee's employment is insufficient for purposes of diversity jurisdiction, an independent duty of care of the employee must be plead and established. *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564, 567 (S.D. Tex 1999) (upholding diversity jurisdiction when the plaintiff made no allegations that the employee owed the plaintiff an independent duty or a duty of reasonable care apart from that which his employer owed); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 828, 838 (E.D. Texas 2008) (upholding diversity jurisdiction when the only allegations against the employee were for acts within the course and scope of employment); *Fugitt v. Walmart Stores, Inc*., 2015 WL 7352194 at *3-4 (N.D. Tex. 2015) (upholding diversity jurisdiction when a plaintiff's allegations relating to an employee are assertions made against all defendants); *Jimenez v. Wal-Mart Stores Texas, LLC*, 2013 WL 12129929 at *6-7 (W.D. Tex. 2013) (upholding diversity jurisdiction when every individual duty alleged against an employee was derived from the employee's employment); *Kopczynski v. Wal-Mart Stores, Texas, LP*, 2011 WL 902237 at *6-7 (S.D. Tex 2011) (upholding diversity jurisdiction when plaintiff's claims against employees derived from the ordinary job duties given by their employer).

12. Here, Plaintiff alleged identical negligence claims against John Doe Manager and Homegoods. (Exhibit A, No. 1, Petition, Section V.) Plaintiff has not pled any specific allegations or facts supporting Homegoods' employee owed an individual duty distinct from the duty of John Doe's employer. *See id.* Thus, Homegoods seeks removal as the remaining parties are diverse and it is undisputed the amount in controversy exceeds $75,000.00. *See id, Sec. III.*

13. <u>There is sufficient evidence Plaintiff joined Rodriguez and John Doe Manager in bad faith in order to prevent the diverse Defendant, Homegoods, from removing the case.</u> The Fifth Circuit provided guidance in *Hoyt,* stating "when it comes to bad faith…the question is what motivated the plaintiff in the past—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.,* 927 F.3d 287, at 923 (5th Cir. 2019). In *Lawson v. Parker Hannifin Corp,* the Court found that Plaintiff never took any meaningful affirmative action to prosecute her alleged claims against the nondiverse defendant, and there was evidence to show she never intended to do so. No. 4:13-cv-923-O, 2014 WL 1158880 at *2 (N.D. Tex. Mar 20, 2014). The following was sufficient evidence of bad faith in *Lawson*:

1. Plaintiff waited 7 months to serve the nondiverse defendant.
2. Plaintiff made no effort to file a Default Judgment on nondiverse defendant once he was served, but did not answer.
3. Plaintiff never served discovery on nondiverse defendant, nor requested any deposition of him.

See *Id.*

14. Here, Plaintiff has exhibited even less of an intent to prosecute his actions against the nondiverse defendants in this case. Plaintiff has neither made efforts to file a default judgment on Rodriguez, nor obtain Rodriguez' deposition, nor initiate any discovery upon Rodriguez. As in *Lawson,* Plaintiff's nonexistent prosecution of claims against the nondiverse defendants constitutes bad faith within the meaning of 28 U.S.C. 1446(c)(1). It is clear Plaintiff has no intent to pursue or interest in pursuing claims against Rodriguez or John Doe. Rather, Plaintiff

6

intentionally and purposely has kept his claims against these nondiverse defendants for the duration of the lawsuit in order to prevent removal of this case.

15. True and correct copies of all documents filed in the state court proceeding are attached hereto and incorporated herein by reference. *See* Exhibit A.  A list of all counsel of record has been filed separately in accordance with Local Rule 81.

16. Defendant would show that this case is removable under 28 U.S.C. § 1441, and the Court has jurisdiction over this matter, because this suit, without the fraudulently joined parties, involves a controversy between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  *See* 28 U.S.C. §§ 1332 and 1441.

17. The matter or amount in controversy in this suit exceeds the sum of $75,000.00, exclusive of interest and costs.  In his Original Petition, Plaintiff seeks "relief over $200,000 but not more than $1,000,000."  *See* paragraph III in Plaintiff's Original Petition, attached as part of Exhibit A.

18. This Notice of Removal will be provided to Plaintiff by service of a copy upon his counsel of record, in accordance with 28 U.S.C. §1446(d).  Further, a copy of this Notice of Removal will be filed with the District Clerk of Hidalgo County, in accordance with 28 U.S.C. §1446(d).

19. Therefore, Defendant HomeGoods, Inc. prays that this cause be removed from the 275th Judicial District Court of Hidalgo County, Texas, to this Court, and for all other relief to which Defendant may be entitled.

Respectfully submitted,

**HARTLINE BARGER LLP**

*/s/ Marshall G. Rosenberg*
**Marshall G. Rosenberg**
State Bar No. 12771450
Federal Bar No. 14933
mrosenberg@hartlinebarger.com
**Jane Haas**
State Bar No.: 24098760
Federal Bar No.: 39229
jhaas@hartlinebarger.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419

**ATTORNEYS FOR DEFENDANT,
HOMEGOODS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by the method(s) indicated on October 14, 2021.

Rafael De La Garza, III
4919 S. Jackson Road
Edinburg, Texas  78539
Email:  Rafael@dlgrlaw.com

*/s/ Marshall G. Rosenberg*
Marshall G. Rosenberg